No. 505

## BROADWAY BANK OF KANSAS CITY v. LONG, et.

Ohio Appeals, 9th Dist. Medina Co.

No. 73. Decided Feb. 28, 1927.

831. NEGOTIABLE INSTRUMENTS — Where a bank brings an action upon a promissory note and the evidence shows that the note had been placed with the bank for collection. The bank is not an innocent holder in good faith for value before maturity.

First Publication of this Opinion

HOUCKS, J.

The parties are in the same relation as they were in the Court below and will be referred to as plaintiff and defendant.

This was an action on a promissory note and the petition was in the usual form.

The answer denied that plaintiff was the owner and holder of said note in due course for value, and alleged that plaintiff had due notice of the refusal of defendants to pay the same. The answer also alleged that the note was obtained by fraud.

The case was tried to a jury and a verdict returned for defendants, on which judgment was entered.

On error the Court of Appeals affirmed the Common Pleas and held as follows:—
The only question at issue, as presented by the record, is whether or not plaintiff was a legal holder of said note for value, in due course, before due and without actual knowledge of any infirmity in the note or defect in the title or of such facts that its action in taking the note amounted to bad faith.

Defendans claim that the bank took the note merely for collection for one Harwood and not as owner. Plaintiff claims that it held the note as collateral security for a note given it by Harwood for a loan of money made him by the bank, and that it was thus an innocent holder for value in due course before due.

While Harwood and the president and cashier of the bank all testify that said note, together with other notes, was delivered to the bank as collateral security the record shows that when any of these notes were paid, the amount was credited to the checking account of Harwood and was not credited on the note for which they testified such collateral note was held as security. Said officers further testified that defendant's note was being handled in this way.

Under this state of facts, we are unanimously of the opinion that the jury was fully justified in finding that plaintiff was not the legal owner and holder of defendant's note, for value, in due course, before due.

Judgment affirmed.

(Washburn, PJ., and Pardee, J., concur).

Attorneys—Burch, Bacon, Denlinger & Seikel and Wm. D. Pence, Akron, for Broadway Bank of Kansas City; Arthur Van Epp and H. J. Sadler, Medina, for Long, et.
Note: See also OA. 5 Abs. 374; dock. 4-9-27, 5 Abs. 249; mo. cer. ov., 5 Abs. 301.

No. 506

## YOUNG v. CHAUSKY

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 751. Decided Jan. 25, 1927

941. PRACTICE & PROCEDURE—In the absence of special objection to a general finding of facts by the court, it must be assumed that the demand for a more detailed finding of facts was not insisted upon.

First Publication of this Opinion

BY THE COURT.

Ave Chausky recovered a judgment in the amount of $229.68 against William Young in the Dayton Municipal Court upon an account for labor and material. Young had answer setting up an award which he claims was made by agreement that the work and material be fixed at $110. Error was prosecuted to the Montgomery Common Pleas which affirmed the judgment and the Court of Appeals upon prosecution of error, affirmed the lower courts holding:—

1. The contention that one Humphreys was ineligible to pass upon the motion for a new trial, approve the judgment entry or sign the bill of exceptions must be overruled, as the affidavit stating that his term had expired and that he was not a presiding or acting judge was not made part of the bill of exceptions, and cannot therefore be considered.

2. The contention that the court erred in refusing to make a special finding of facts and in approving a general finding of facts must likewise be overruled, since the demand for a special finding was not insisted upon at the time of the general finding, nor were there any special objections to said general finding.

3. In absence of special objection it must be assumed that the demand for a more detailed finding of facts was not insisted upon This is confirmed by the fact that the motion for a new trial in the Municipal Court does not assign the failure of the court to make a more definite of facts a ground for a new trial.

4. With regard to the alleged award, Kennel was not a disinterested party, but was rather the representative of Young, so that he was not competent as a common law arbitrator.

5. Besides it does not satisfactorily appear that Chausky understood the purport of the agreement although he signed it. Therefore the contract submitting the matter to Kennel as arbitrator, was not conclusive or binding on the parties.

Judgment therefore affirmed.

(Allread, Ferneding & Kunkle, JJ., concur.)

Attorneys—Hodapp & Hodapp for Young; Abe Schulman for Chausky; all of Dayton.